# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN GAMMINO,
          Plaintiff,

v.

SBC COMMUNICATIONS, INC., et al.
          Defendants.

Civil Action No. 03-6686

## MEMORANDUM

March 29, 2010                                                                           Pollak, J.

Defendant SBC Communications (SBC) moves to vacate (docket nos. 62 & 64) this court's prior order finding it subject to personal jurisdiction in this court (docket no. 44). Plaintiff, John Gammino, does not oppose the motion. The motion is ripe for disposition.

**I.**    **Facts and Analysis**

On December 11, 2003, the plaintiff sued the defendant, SBC, among others for infringing on two patents U.S. Patent No. 5,809,125 (the 125 patent) and U.S. Patent No. 5,812,650 (the 650 Patent). On March 30, 2005, this court[1] dismissed all other defendants

---

[1] This case was originally assigned to my late cherished colleague Judge Clifford Scott Green. On January 19, 2006, this case was reassigned to me.

1

for lack of personal jurisdiction, but found that SBC was subject to general jurisdiction (docket. no. 44). SBC moved for reconsideration of the order, which was denied (docket no. 50). Thereafter, plaintiff instituted suit against one of the defendants dismissed from this action in the Northern District of Texas. That litigation resulted in the invalidation of the 125 and 650 patents. *Gammino v. Sw. Bell Tel., L.P.*, 512 F. Supp. 2d 626, 637-38 (N.D. Tex. 2007). Due to the developments in the Texas litigation, the parties agreed to dismiss the present suit. In an order of October 24th, 2007, I dismissed the action with prejudice pursuant to Local Rule 41.1(b) (docket no. 59). However, a superseding order of November 21, 2007, modified the earlier order, at the request of the parties, as follows: "the dismissal is WITHOUT PREJUDICE to the ability of the defendants to file a motion to vacate the jurisdictional ruling of this Court" (docket no. 61). The Federal Circuit affirmed the decision of the Northern District of Texas, *Gammino v. Sw. Bell Tel., L.P.*, 267 Fed. Appx. 949 (Fed. Cir. 2008), and the Supreme Court denied certiorari. 129 S. Ct. 346 (2008). SBC asks me to vacate my prior order finding it subject to personal jurisdiction.

SBC relies on the statement of the Court in *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950) that "[t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *Id.* at 39. However, the Court placed a significant limitation

2

on the "practice" in *U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). Under *Bancorp*, "[w]here mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.*

I will deny SBC's request as the current action was mooted by the voluntary settlement of the parties. The decision of the Northern District of Texas did not moot the present action; it at most precluded the plaintiff's claim. Even if the Texas decision were to prevent plaintiff's succeeding in this action, the preclusive effect of the Texas decision presents a case or controversy and results in a judgment on the merits, not one based on mootness. *See Kaiser Indus. Corp. v. Jones & Laughlin Steel Corp.*, 515 F.2d 964 (3d Cir. 1975) (finding that a judgment invalidating a patent precluded the litigation at issue and ordering the district court to enter a judgment for the defendants). Thus, the present action was not moot until the parties reached settlement. As the Court made clear in *Bancorp*, settlement ordinarily bars vacatur.

## II. Conclusion

For the reasons stated above, defendant's motion to vacate is denied. An appropriate order accompanies this memorandum.